[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12073

_____

Agency No. A029-140-203


BYRON RODOLFO RECINOS-CORONADO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 29, 2017)

Before WILSON and NEWSOM, Circuit Judges, and WOOD,[*] District Judge.

PER CURIAM:

Byron Rodolfo Recinos-Coronado petitions this Court for review of the

decision of the Board of Immigration Appeals.  The BIA dismissed his appeal from

_____
[*] Honorable Lisa Godbey Wood, United States District Judge for the Southern District of
Georgia sitting by designation.

the denial of his petitions for asylum, withholding of removal, and relief under the Convention Against Torture.  After oral argument, we grant the petition for review in part and deny it in part.

## I

We grant the petition for review on Recinos-Coronado's petitions for asylum and withholding of removal.  The BIA erred as a matter of law when it excluded from its past-persecution analysis the sexual abuse that Recinos-Coronado suffered at the hands of his uncle on the ground that Recinos-Coronado failed to report it. We have treated an applicant's failure to report abuse as separate from the question whether the applicant suffered past persecution.  *See Lopez v. U.S. Att'y Gen.*, 504 F.3d 1341, 1344–45 (11th Cir. 2007).  And in previously determining that an applicant suffered persecution based on cumulative incidents, we included in the past-persecution analysis (without discussion) an incident that the applicant failed to report—there, threatening "graffiti at his wife's farm which alluded to [guerillas'] presence in the area, and referenced him specifically."  *Mejia v. U.S. Att'y Gen.*, 498 F.3d 1253, 1255–57 (11th Cir. 2007).  By refusing to consider the uncle's abuse solely on the ground that Recinos-Coronado failed to report it, the BIA erred.

It is not for us, at this stage, to decide on the merits the question whether Recinos-Coronado experienced past persecution.  *See Immigration &*

2

*Naturalization Serv. v. Orlando Ventura*, 537 U.S. 12, 16–17 (2002) (per curiam) (summarily reversing a Ninth Circuit decision that, following partial reversal of the BIA's asylum decision, impermissibly decided persecution issue rather that remanding to agency for determination in the first instance).  Rather, the BIA should (after correcting for the legal error that we have identified) consider in the first instance whether Recinos-Coronado suffered past persecution "on account of" a protected characteristic, as well as his eligibility for asylum and withholding of removal.

## II

We deny the petition for review on Recinos-Coronado's petition for protection under the Convention Against Torture.  An applicant is entitled to protection under the Convention Against Torture if he shows "that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal."  8 C.F.R. § 1208.16(c)(2).  To qualify an applicant for relief, the alleged torture must both constitute "an extreme form of cruel and inhuman treatment," *id*. § 1208.18(a)(2), and be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity," *id*. § 1208.18(a)(1).

The BIA's determination that Recinos-Coronado is not entitled to relief under the Convention Against Torture is supported by substantial evidence.

3

Recinos-Coronado, a homosexual man, contends that LGBT individuals face dismal conditions in his native Guatemala, but even the conditions he alleges do not rise to the level of "torture," let alone torture at the hands (or with the acquiescence of) the Guatemalan government.

* * *

For the foregoing reasons, we **GRANT** the petition in part and **DENY** the petition in part.